UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GENERAL PRODUCE, INC., | ) |
| Plaintiff, | ) |
| | ) 3:07-cv-00374 |
| v. | ) Honorable Thomas W. Phillips |
| TIMOTHY E. ROPER, | ) |
| Defendant. | ) |
| | |
| C LANE COMPANY, LLC, | ) |
| Plaintiff, | ) 07-cv-00216 |
| | ) (consolidated into 07-CV-00374) |
| v. | ) |
| TCRS, INC., d/b/a EAST TENNESSEE PRODUCE and TIMOTHY E. ROPER, | ) |
| Defendant. | ) |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ENTRY OF ORDER ESTABLISHING PACA CLAIMS PROCEDURE

The Plaintiffs, C Lane Company, LLC and General Produce, Inc. (collectively the "Plaintiffs"), in further support of their Joint Motion for Entry of Order Establishing PACA Trust Claims Procedure (the "Motion") to administer the claims of the Plaintiffs and all other potential claims asserted under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t (2006 & Supp. 2008) (the "PACA"), submit the following discussion of authorities on the issues the Motion presents.

1

# INTRODUCTION

On September 14, 2007, C Lane Company, LLC ("C Lane") initiated the present action complaining of PACA trust violations against TRCS, Inc. d/b/a East Tennessee Produce (the "Company"), and its principal, Timothy Roper (the "Principal") (the Company and the Principal are further collectively referred to as the "Defendants"). On September 27, 2007, General Produce, Inc. ("General Produce") initiated a similar action before this Honorable Court before the Honorable Judge Thomas W. Phillips. On December 11, 2007, in the interest of judicial economy, C Lane's action was consolidated into General Produce case. See Doc. #9 -1:07-CV-216. Finally, because the Company and Principal both filed voluntary petitions for bankruptcy in the Eastern District of Tennessee, the Plaintiffs filed and were granted relief from the automatic stays under 11 U.S.C. § 362 as to both the Company and the Principal. See Doc. #93 and #100 under case number 3:07-bk-32864 and Doc. #23 under case number 3:08-bk-30852. Therefore, both the Company and Principal are properly before this Honorable Court pursuant to lift stay orders entered by the Bankruptcy Court.

Since the filing of the Complaint, the Plaintiffs have learned of other unpaid suppliers, some of whom are identified above, who have sold perishable agricultural commodities ("Produce") to the Defendants. These additional claims would arise under the same provisions of the PACA and seek the same relief requested herein, namely the foreclosure of the PACA trust for the benefit of all claimants who properly preserved their rights as PACA trust beneficiaries. After consultations between and amongst these creditors, the Plaintiffs propose the following PACA claims procedure accomplish the following:

2

1) Determine the validity and amounts of all PACA trust claims under non-Code federal law affecting interstate commerce;

2) To liquidate the Company's Produce accounts receivable and other potential PACA trust impressed assets in an efficient fashion with the requisite judicial oversight and ultimately disburse such proceeds to satisfy all unpaid, qualified PACA trust claims on a pro-rata basis.

The proposed Claims Procedure outlined in the Motion shall provide both the Company and the Principal a definitive and transparent procedure to determine the total liability each face under PACA while likely also reducing such liability through the liquidation of the Company's Produce receivables. Thereafter, any party can return to the Bankruptcy Court with these approved claims for further consideration inasmuch as they relate to the Company's and Principal's assets currently under the Bankruptcy Court's control.

## ARGUMENT

### I. THE LEGAL FRAMEWORK

Congress enacted the PACA in 1930 to provide a comprehensive scheme for the regulation of traders of Produce by giving rise to civil liabilities in favor of the unpaid seller against buyers who fail to make full payment promptly. 7 U.S.C. § 499e(a); In re Carpenito Bros., 46 Agric. Dec. 486 (1987), *aff'd* 851 F.2d 1500 (D.C. Cir. 1988); Endico Potatoes v. CIT/Factoring, 67 F.3d 1063, 1066-67 (2nd Cir. 1995)(discussing the history and purpose of the PACA). Congress amended the PACA in 1984 to provide further protection to sellers of produce and to establish an express, non-segregated "floating" statutory trust in which a produce buyer as trustee holds its produce-related assets in trust as a fiduciary until full payment is made to the unpaid seller/trust beneficiary. 7 U.S.C. § 499e(c); Frio Ice S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990). Once delivery

3

of the Produce has occurred, failure of the buyer (as trustee) to maintain trust assets sufficient to make full payment promptly to the trust beneficiaries is unlawful. 7 U.S.C. § 499b(4).

The principal benefit of the trust for a Produce seller is when a buyer fails to pay or becomes insolvent, the seller is placed first in line among creditors to receive the trust *res* which consists of all assets of the Debtor unless and until the Debtor proves a particular asset was acquired with something other than the proceeds of the Debtor's dealings in Produce. Frio Ice, 918 F.2d at 156. See also In re Monterey House, Inc., 71 B.R. 244, 249 (Bankr. S.D. Tex. 1986). The PACA trust res serves as a fund from which unpaid Produce sellers can be assured payment. By operation of trust law, while a buyer of Produce has legal title to the PACA trust res, equitable title remains with the Produce sellers.

While the PACA statute provides many things, one notable provision which is lacking is a procedure for resolving the issues between co-trust beneficiaries to a single trust *res*. As described in detail below, the single body of PACA trust assets must be administered in such a way as to preserve the rights of all potential trust beneficiaries until the trust can be discharged through a final disbursement of the corpus of the trust. This Honorable Court has sufficient authority to exercise its jurisdiction over all parties and claims arising under non-Code federal law. The proposed procedure seeks to establish a framework under which all potential PACA trust claimants can submit their claims for verification in a single proceeding and single forum against the Defendants without the duplication of efforts and waste of resources involved in litigating these claims in separate forums.
4

A. In the Absence of a Claims Procedure in the PACA, the Court should establish a global claims procedure to ensure all trust beneficiaries are treated equally

"The PACA contains no mechanism for the administration and distribution of trust assets." In re United Fruit and Produce, 119 B.R. 10, 11 (Bankr. D. Conn. 1990). Accordingly, the issues relating to the marshaling of assets, validation of claims and distribution of the proceeds are left to the province of the courts. The courts, having faced such issues, are nearly unanimous in their support of the proposition all potential claimants are entitled to share in the PACA trust *res* and the fact the trust assets cannot be reserved for one beneficiary to the detriment of others. See, e.g., In re Milton Poulos, Inc., 947 F.2d 1351 (9th Cir. 1991); In re Norman's Country Market, 98 B.R. 47, 51 (Bankr. N.D. Fla. 1989); Finest Fruits v. Korean Produce Corp., 1988 WL 96028 (S.D.N.Y. 1988). In light of the impossibility of any single PACA claimant obtaining a distribution of the PACA trust assets without the rights of all claimants being bound, the Plaintiffs respectfully state the proposed claims procedure outlined in the Proposed Order filed contemporaneously with the Motion is necessary in this matter to provide a prompt and efficient distribution of the available PACA trust assets to all qualified beneficiaries.

B. Federal Rule 83 provides ample authority for the court to establish and enforce the proposed claims procedure

Rule 83 of the Federal Rules of Civil Procedure (the "Federal Rules") states as follows:

(b) Procedures When There is No Controlling Law.

A judge may regulate practice <u>in any manner consistent with federal law</u>, rules adopted under 28 U.S.C. §§ 2072 and 2075, and local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.

5

Federal Rule 83(b (emphasis added). The comments to this section state the purpose of the rule was to provide "flexibility to the court in regulating practice when there is no controlling law." See Advisory Committee Notes to 1995 Amendments.

In a PACA trust setting, the courts having previously addressed these issues have determined there is "no controlling law" to the contrary which could preclude the Court's ability to establish a PACA Claims Procedure in this case pursuant to Order. In accordance with Federal Rule 83, the procedures and deadlines outlined in the Motion will be binding on all entities who receive actual notice of the entry of this Order. To ensure the broadest possible coverage, C Lane's Counsel will issue a copy of the entered Order establishing the proposed PACA claims procedure to all unpaid suppliers of Produce to the Company. In this way, any and all persons having a potential claim against the PACA trust *res* will be invited to submit their claim for review or be forever barred from asserting such a claim. Only after all potential PACA trust claimants have been identified, and the validity of their claims tested, can any of the claimants proceed to the Bankruptcy Court for their pro-rata share of any assets the Bankruptcy Court determines to be within the scope of the PACA trust.

## II. THE PROPOSED CLAIMS PROCEDURE

In summary, this entails a two-step process. The first is to segregate and account for the PACA trust assets. This step will be accomplished with the cooperation of the Chapter 7 Bankruptcy Trustee in the District Court who has already filed an appearance in this case. The second is to identify all potential PACA Trust Beneficiaries and scrutinize their claims to determine which are properly entitled to trust protection under the PACA. This is the *only step* the District Court action will be asked to oversee and control.

6

A. **The PACA Claims Procedure**

C Lane's Counsel will serve via certified mail or some other equally verifiable means of service, a notice of all dates and deadlines contained in the proposed PACA Claims Order, along with a copy of the Order, on all entities on the Company's bankruptcy schedules as unpaid sellers of Produce (the "Notice"). This Notice will put all potential PACA Trust Beneficiaries on notice of the following schedule for the handling of the PACA trust claims against the Defendants (all dates run from entry of the proposed Order):

**Counsel to Issue Notice & Publication Requests** ............ **5 bus. day**
**Deadline to Intervene & File PACA Proof of Claim** ......... **30 days**
**Deadline to File Objections to any PACA Proof of Claim** ..... **21 days**
**Deadline to File Reply to any Claims Objections** ............ **10 days**

**Note:** Upon entry of any Order, C Lane's Counsel will calculate the exact dates based upon the above framework and all Notices will contain the specific dates for each step in the claims procedure- a draft Notice of Claims Procedure is attached and incorporated herein.

Each unpaid supplier of Produce to the Company holding a claim for nonpayment for Produce and alleging rights under the PACA Trust, shall file with the Clerk of the Court for this District on or before the deadline set forth above, a Complaint in Intervention which complies with Rules 8 and 24 of the Federal Rules of Civil Procedure and a Proof of Claim, together with any and all documents supporting its claim. In the event any such entities fail to timely file a Complaint in Intervention and Proof of Claim, their claims will be barred. By filing a Complaint in Intervention and Proof of Claim, each claimant would be expressly consenting to the jurisdiction of this Court and shall be bound by all orders the Court may enter herein.

7

On or before the objection deadline set forth in the Order, any party or any other qualified PACA Trust Beneficiary may file with the Court an objection to the claim, fully stating the legal and factual bases for the objection, and serve a copy of the objection upon the entity asserting the claim to which the objection relates. On or before the reply deadline set forth in the Order, the PACA Trust Beneficiary whose claim was subject to an objection may file and serve a reply to the objection in the same manner as the objection. Any Proof of Claim that is not the subject of a timely-filed objection shall be deemed valid for the entire amount set forth in the PACA Proof of Claim.

In the event the parties to any claims dispute are unable to resolve the objection between themselves, the matter will be submitted to the Court for a ruling based upon only the Proof of Claim, the Objection and any Reply. The objecting party shall bear the burden of establishing the bases supporting disqualification of the claim under the PACA. By providing a framework for equal treatment of all potential PACA trust claims without the expense and delay of multiple separate actions all seeking the same relief, each qualified PACA Trust Beneficiary will benefit from the efficient determination of each claim through this proposed procedure and all parties will benefit from the conservation of judicial resources for other pressing matters in this case.

## CONCLUSION

Due to the lack of controlling law to the contrary, and the clear authority conferred on this Court under Federal Rule 83(b) to establish a procedure for disposition of all claims against the single PACA trust *res* in this matter, the Plaintiffs respectfully request this Honorable Court to enter the proposed Order Establishing a PACA Trust Claims Procedure filed contemporaneously with the instant motion or to modify it as this Court deems necessary.

| C LANE COMPANY, LLC | GENERAL PRODUCE, INC. |
|---|---|
| By: /s/ Miguel Martin-Johnston, Esq,. <br> One of Its Attorneys | By: /s/ Michael E. Ewell, Esq. <br> One of Its Attorneys |
| John W. Chandler, Jr., Esq. <br> CHANDLER & CHANDLER <br> 427 East 5th Street <br> Chattanooga, Tennessee 37403 <br> Tel: 423/265-0303 | Jeremy A. Moulton, Esq. <br> MOULTON & TARRER, LLC <br> 925 Railroad Street <br> Conyers, Georgia 30012 <br> Tel: 770/483-4406 |
| Miguel Martin-Johnston, Esq. <br> KEATON & ASSOCIATES, P.C. <br> 1278 West Northwest Highway- Suite 903 <br> palatine, Illinois 60067 <br> Tel: 800/535-9949 | Michael W Ewell, Esq. <br> FRANTZ, MCCONELL & SEYMOUR <br> P O Box 39 <br> Knoxville, Tennessee 37901-0039 <br> Tel: 865-546-9321 |

9